**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
PRESTON CHARLES and CARLOS E. PABON,      :
on behalf of themselves and on behalf of all      :
similarly-situated individuals,      :
            :      Index No.:
      Plaintiffs,      :
            :
      v.      :      **COLLECTIVE AND CLASS**
            :      **ACTION COMPLAINT**
OPINION ACCESS CORP. and JIMMY R.      :
HOFFMAN, in his professional and personal      :
capacities;      :      **Jury Trial Demanded**
            :
      Defendants.      :
-------------------------------------------------------------X

      Plaintiffs Preston Charles and Carlos E. Pabon (together as "Plaintiffs"), on behalf of themselves and on behalf of all similarly-situated individuals, by and through their undersigned counsel, Wigdor LLP, as and for their Complaint in this action against Defendants Opinion Access Corp. ("OAC" or the "Company") and Jimmy R. Hoffman (collectively "Defendants") respectfully set forth and allege as follows:

## NATURE OF THE CLAIMS

      1.     Plaintiffs bring this action to recover: (a) minimum and overtime wages which Defendants failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the New York Labor Law ("NYLL"), §650 et seq.; (b) straight-time wages which Defendants have failed to pay in violation of NYLL §191; (c) "call-in" which Defendants failed to pay in violation of New York Minimum Wage Order for Miscellaneous Industries and Occupations §142-2.3 (12 NYCRR §142-2.3); and (d) damages and penalties resulting from Defendants' failure to provide accurate wage statements in violation of NYLL §195.

2.     Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendants as "Ad-Hoc Interviewers" and/or in a similar position who were/are not paid the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week for the full statute of limitations period (the "FLSA Collective Period").  Plaintiffs and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

3.     Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendants as "Ad-Hoc Interviewers" and/or in a similar position who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week and straight-time wages for all hours worked, who were not provided with accurate wage statements and who were/are not paid "call-in" pay for the full statute of limitations period (the "NYLL Class Period").  Plaintiffs and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

## JURISDICTION AND VENUE

4.     Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

5.      Pursuant to 28 U.S.C. §1391(b), venue is proper in this district because Defendants reside in this district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

6.      Plaintiffs' claims are properly consolidated as a single action because their claims involve the same defendant, and arise from the same nexus of facts and circumstances and involve nearly identical issues of fact and law.

## PARTIES

7.      Plaintiff Preston Charles is an adult resident of the State of New York, who was employed by Defendants from February 2016 through October 2016 as an Ad-Hoc Interviewer. At all relevant times, Mr. Charles met the definition of an "employee" under all applicable statutes.

8.      Plaintiff Carlos E. Pabon is an adult resident of the State of New York, and has been employed by Defendants from October 2010 through the present as an Ad-Hoc Interviewer. At all relevant times, Mr. Pabon met the definition of an "employee" under all applicable statutes.

9.      Defendant Opinion Access Corp. is a marketing research and quantitative data collection service, and has, at all relevant times, had its principal place of business at 47-10 32nd Place, Long Island City, New York, and regularly transacts business in this district.  At all relevant times, Opinion Access Corp. was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

10.     Defendant Jimmy R. Hoffman is the President and Chief Executive Officer ("CEO") of Opinion Access Corp. and, upon information and belief, is a resident of Port Washington, New York.  At all relevant times, Mr. Hoffman was an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

12.     Plaintiffs and the FLSA Collective and NYLL Class have worked for Defendants as Ad-Hoc Interviewers.

13.     The primary job duty of an Ad-Hoc Interviewer is to make telephone calls to members of the general public in order to conduct surveys and gather consumer information on behalf of third party clients.

14.     As a condition of employment, Defendants require all Ad-Hoc Interviewers to participate in approximately 18 hours of training before they are able to begin working for Defendants.  However, Ad-Hoc Interviewers are not compensated at all for any of this time spent training.

15.     After undergoing these 18 hours worth of uncompensated training, Ad-Hoc Interviewers are paid on an hourly basis, and generally base paid at the minimum wage rate.

16.     Plaintiffs and the members of the FLSA Collective and NYLL Class have routinely worked more than 40 hours a week, and up to 50 hours a week.

17.     Defendants determine the amount of hours to compensate Plaintiffs, the FLSA Collective and NYLL Class based on the amount of hours that they are logged into their work computers.

18.     However, Defendants routinely fail to pay Plaintiffs and the FLSA Collective and NYLL Class for all of their hours worked.  For examples, Defendants fail to compensate Plaintiffs and the FLSA Collective and NYLL Class for time spent while they must wait for a seat assignment, which often takes as much as 45 minutes, or while waiting to log into their computers if the computers are malfunctioning and/or are disabled from logging in to them, which routinely takes more than 15 minutes.

19.     As a result, Ad-Hoc Interviewers, who are ready and waiting to work, are not compensated for time spent waiting for seat assignments or waiting to log into their computers while malfunctions are resolved, nor is this time accounted for when determining whether Ad-Hoc Interviewers have worked in excess of 40 hours per week, or when determining their overtime wages.

20.     In addition, Defendants dock the wages of Plaintiffs and the FLSA Collective and NYLL Class members for taking breaks of less than twenty (20) minutes.

21.     Furthermore, Defendants disproportionately "round up" the amount of time that Ad-Hoc Interviewer take for breaks.  For example, if an Ad-Hoc Interviewer arrives one (1) minute late following a ten (10) minute break, Defendants dock fifteen (15) minutes of compensable time from their pay, and when an Ad-Hoc Interviewer arrives more than five (5) minutes late following a ten (10) minute break, Defendants dock thirty (30) minutes of compensable time from their pay.

22.     Thus, on a daily basis, Defendants have and continue to unlawfully dock compensable time from Plaintiffs and the FLSA Collective and NYLL Class members for a slew of reasons, and have failed to include this compensable time when determining whether Plaintiffs worked in excess of 40 hours per week.

5

23.     In addition to receiving a base hourly wage, Ad-Hoc Interviewers are also paid a non-discretionary bonus for certain client projects labeled as "production jobs" when they achieve a pre-determined production level.

24.     Defendants, however, do not include these non-discretionary bonuses when determining the regular rate of pay of Plaintiffs and the members of the FLSA Collective and NYLL Class for the purpose of calculating their overtime pay, and as result, Defendants have failed to pay Plaintiffs and the members of the FLSA Collective and NYLL Class their lawfully entitled overtime wages.

25.     Furthermore, Defendants also failed to pay Plaintiffs and members of the NYLL Class their proper "call-in" pay as required under New York law.

26.     Specifically, Defendants were required to pay Plaintiffs and members of the NYLL Class who, by request or permission of Defendants, reported for duty on any day, whether or not assigned to work, at the applicable wage rate for at least four hours for one shift, or the number of hours in the regularly scheduled shift, whichever is less at the basic minimum hourly wage.

27.     However, Defendants regularly caused Plaintiffs and members of the NYLL Class to report to work only to find themselves told to return home without "call-in" pay, in violation of the New York Minimum Wage Order for Miscellaneous Industries and Occupations §142-2.3 and the NYLL.

28.     Further, as a result of the foregoing conduct, Defendants have failed to provide accurate wage statements to Plaintiffs and the NYLL Class, in violation of NYLL §195.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on

behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendants as Ad-Hoc Interviewers and/or in a similar position who were/are not paid the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half time their regular rate for all hours worked in excess of 40 hours per week during the FLSA Collective Period.

30.     The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiffs, and the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

31.     The FLSA Collective, like Plaintiffs, have all been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

32.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

33.     As a result of Defendants' conduct, as alleged herein, Defendants violated 29 U.S.C. §206 by not paying the FLSA Collective and Plaintiffs the prevailing minimum wage for all hours worked.

34.     As a result of Defendants' conduct, as alleged herein, Defendants violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

35.     Defendants' violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

36.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum and overtime wages, plus additional equal amounts as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

37.     While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least 1,000 other similarly-situated persons who were/are employed by Defendants as Ad-Hoc Interviewers and/or in a similar position during the FLSA Collective Period.

38.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as Ad-Hoc Interviewers and/or in a similar position during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendants as Ad-Hoc Interviewers and/or in a similar position who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per week,

8

straight-time wages for all hours worked, "call-in" pay and those who were not provided with accurate wage statement by Defendants.

40.     The basic job duties of the NYLL Class were/are the same as or substantially similar to those of Plaintiffs, and the NYLL Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

41.     The NYLL Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, straight-time wages for all hours worked, "call-in" pay and not being provided accurate wage statements by Defendants.

42.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the minimum wage and overtime provisions of the NYLL and/or its regulations.

43.     As a result of Defendants' conduct, as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the NYLL Class and Plaintiffs the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, straight-time wages for all hours worked, "call-in" pay and by not providing them with accurate wage statements.

44.     Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the NYLL Class.

45.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the NYLL Class for the full amount of their unpaid minimum, overtime and straight-time wages, "call-in" pay, statutory penalties for failing to provide accurate wage statements, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

46.     Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiffs, the NYLL Class and Defendants.

47.     Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among these questions are:

(a)     Whether Defendants failed to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked during the NYLL Class Period;

(b)     Whether Defendants failed to pay Plaintiffs and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week during the NYLL Class Period;

(c)     Whether Defendants failed to pay Plaintiffs and the NYLL Class straight-time wages for all hours worked during the NYLL Class Period;

(d)     Whether Defendants failed to provide Plaintiffs and the NYLL Class with accurate wage statemnts during the NYLL Class Period;

(e)     Whether Defendants' failure to pay the prevailing minimum wage to Plaintiffs and the NYLL Class constitutes a violation of NYLL §650 *et seq*.;

(f)     Whether Defendants' failure to pay overtime to Plaintiffs and the NYLL Class constitutes a violation of NYLL §650 *et seq*. and 12 NYCRR §142.2-2;

(g)     Whether Defendants' failure to pay Plaintiffs and the NYLL Class straight-time wages constitutes a violation of NYLL §191;

(h)     Whether Defendants paid Plaintiff and the NYLL Class members "call-in" pay;

(i)     Whether Defendants' failure to provide Plaintiffs and the NYLL Class with accurate wage statements constitutes a violation of NYLL §195; and

(j)     Whether Defendants' violations of the NYLL and/or its regulations were willful.

52.     These common questions of law and fact arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendants' liability.

53.     Plaintiffs are members of the NYLL Class that they seek to represent.  Plaintiffs' claims are typical of the claims of the NYLL Class.  The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

54.     Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case.  Plaintiffs are willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.  Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

55.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

56.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stages of the proceedings.

57.     The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

58.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

59.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

60.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least 1,000 other similarly-situated persons who were/are employed by Defendants as Ad-Hoc Interviewers and/or in a similar position and during the NYLL Class Period.

61.     Plaintiffs are currently unaware of the identities of the members of the NYLL Class.  Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as Ad-Hoc Interviewers and/or in similar positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

### FIRST CAUSE OF ACTION
**(Failure to Pay Minimum Wage in Violation of 29 U.S.C. §206)**

62.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

63.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

64.     During the FLSA Collective Period, Defendants however, did not always pay Plaintiffs and the FLSA Collective at the prevailing minimum wage rate for all hours worked because they, *inter alia*, failed to compensate them for time spent training, and failed to count all of the hours worked by Plaintiffs and the FLSA Collective, causing Plaintiffs and the FLSA Collective to perform a substantial amount of off-the-clock work.

13

65.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage rate for all hours worked, Defendants violated the FLSA.

66.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

67.     Defendants' violations of the FLSA has significantly damaged Plaintiffs and the FLSA Collective and entitles them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of 29 U.S.C. §207)

68.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

69.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.  Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

70.     During the FLSA Collective Period, Defendants knew that Plaintiffs and the FLSA Collective worked more than 40 hours in a workweek.  However, Defendants did not always pay them overtime for each hour worked in excess of 40 hours per week because they, *inter alia*, did not count all of the hours worked by Plaintiffs and the FLSA Collective, causing Plaintiffs and the FLSA Collective to perform a substantial amount of off-the-clock work, and thus failing to compensate them for all overtime hours worked.

71.     Furthermore, when Defendants did pay Plaintiffs and the FLSA Collective for hours worked in excess of 40 hours per week, Defendants did not pay them one and one-half times their regular rate of pay because they, *inter alia*, did not include the non-discretionary bonuses they earned when determining their regular rate of pay.

14

72.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, Defendants violated the FLSA.

73.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

74.     Defendants' violations of the FLSA has significantly damaged Plaintiffs and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of NYLL §650 *et seq*.)**

75.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

76.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage rate for all hours worked.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

77.     During the NYLL Class Period, however, Defendants did not pay Plaintiffs and the NYLL Class the prevailing minimum wage rate for all hours worked because they, *inter alia*, did not compensate them for time spent training, and failed to count all of the hours worked by Plaintiffs and the NYLL Class, causing Plaintiffs and the FLSA Collective to perform substantial off-the-clock work.

78.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage rate for all hours, Defendants violated the NYLL.

79.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

80.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitles them to recover the total amount of their unpaid minimum wages, an additional amount in liquidated damages and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of NYLL §650 et seq. and 12 NYCRR §142-2.2)**

81.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

82.     The NYLL and 12 NYCRR §142-2.2 require a covered employer, such as Defendants, to pay employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in the FLSA.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

83.     During the NYLL Class Period, Defendants knew that Plaintiffs and the NYLL Class worked above 40 hours in a workweek.  However, Defendants failed to pay Plaintiffs and the NYLL Class overtime wages for each hour worked in excess of 40 hours per week because they, *inter alia*, failed to count all of the hours worked by Plaintiffs and the NYLL Class, causing Plaintiffs and the FLSA Collective to perform a substantial amount of off-the-clock work, and thus failing to compensate them for all overtime hours worked.

84.     Furthermore, when Defendants did pay Plaintiffs and the NYLL Class for hours worked in excess of 40 hours per week, Defendants did not pay them one and one-half times their regular rate of pay because, *inter alia*, they failed to include the amount of non-discretionary bonuses they earned when determining their regular rate of pay.

85.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and 12 NYCRR §142-2.2.

86.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

87.     Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiffs and the NYLL Class and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### (Failure to Pay Wages for All Hours Worked in Violation of NYLL §191)

88.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

89.     The NYLL requires covered employers, such as Defendants, to pay employees for all hours worked.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them for all hours worked under the NYLL.

90.     During the NYLL Class Period, however, Defendants did not always pay Plaintiffs and the NYLL Class their straight-time wages for all hours worked because they, *inter alia*, did not compensate them for time spent training, and failed to count all of the hours worked by Plaintiffs and the NYLL Class, causing Plaintiffs and the FLSA Collective to perform a substantial amount of off-the-clock work.

91.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class their straight-time wages for all hours worked, Defendants violated the NYLL.

92.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

93.     Defendants' violations of the NYLL has significantly damaged Plaintiffs and the NYLL Class and entitles them to recover the total amount of their unpaid straight-time wages, an additional amount in liquidated damages and attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
**(Failure to Pay NYLL "Call-in Pay" 12 NYCRR §142-2.3)**

94.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

95.     During the NYLL Period, Defendants were required to pay Plaintiff and the NYLL Class members "call-in" pay, in violation of the NYLL, including, but not limited to, New York Minimum Wage Order for Miscellaneous Industries and Occupations §142-2.3.

96.     As a result of Defendants' NYLL violation, Plaintiff and the NYLL Class members are entitled to recover from Defendants their "call-in" pay owed, and an equal amount in liquidated damages, as well as attorneys' fees, costs and interests.

### SEVENTH CAUSE OF ACTION
**(Failure to Furnish Accurate Wage Statements in Violation of NYLL §195)**

97.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

98.     The NYLL requires covered employers, such as Defendants, to furnish wage statements to its employees with every payment of wages and to provide wage notices.  Plaintiff and the NYLL Class were not exempt from this requirement.

99.     During the NYLL Class Period, Defendants failed to furnish accurate wage statements and wage notices to Plaintiffs and the NYLL Class, in violation of NYLL §195 by, *inter alia*, providing wage statements that inaccurately recorded hours worked and/or wages earned.  As a result, the wage statements furnished by Defendants to Plaintiffs and the members

of the NYLL Class contained inacurrate information with respect to wages purportedly paid and hours worked.

100.     The foregoing conduct of Defendants constitute willful violations of the NYLL and/or its regulations.

101.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitles them to recover statutory damages, together with attorneys' fees and costs.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, respectfully requests that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiffs as representatives of the NYLL Class, and their counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants, including statutory penalties, and in favor of the Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiffs and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.      Award Plaintiffs, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J.      Grant Plaintiffs, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, on behalf of themselves and on behalf of all other similarly-situated persons, hereby demand a trial by jury on all issues of fact and damages.

Dated: New York, New York
December 13, 2016

Respectfully submitted,

**WIGDOR LLP**

By: _____
Douglas H. Wigdor
Tanvir H. Rahman

85 Fifth Avenue
New York, NY  10003
Telephone:     (212) 257-6800
Facsimile:      (212) 257-6845
dwigdor@wigdorlaw.com
trahman@wigdorlaw.com

*Counsel for Plaintiffs, the Proposed FLSA
Collective, and the Proposed NYLL Class*